UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-cv-12696

MARWA KHUDAYNAZAR,

    Plaintiff,

v.

CITY OF BOSTON, MICHELLE WU, and LUKE PAYNE,

    Defendants.

**OFFICER LUKE PAYNE'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

    Officer Luke Payne ("Officer Payne") filed a motion to dismiss Plaintiff's Complaint on November 6, 2025. Officer Payne plans to attach body camera footage from the early morning of May 15, 2025, depicting Plaintiff's arrest, as an exhibit in support of his motion to dismiss. Given that the body camera footage contains sensitive information related to Plaintiff's ongoing criminal case and allegations of domestic violence, Officer Payne requests pursuant to Local Rules 7.1 and 7.2 that this Court enter an order granting this motion to file the exhibits under seal and impound the same until further Court order.

    As grounds for this motion, Officer Payne states as follows:

1. The body worn camera footage is central to the allegations made by the Plaintiff because it contradicts the allegations made against Officer Payne. Usually, the court cannot consider documents not attached to the complaint, or not expressly incorporated therein, at the motion to dismiss stage because doing so converts the proceeding to summary judgment. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). However, this Court has

1

allowed the introduction of body-worn cameras at the motion to dismiss stage "...since it is central to the claims alleged in the Complaint." *Bowman v. Monteiro*, No. 24-CV-10850-AK, 2025 WL 2174871, at *2 (D. Mass. July 31, 2025). "[W]hen an exhibit, including a video exhibit, "incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Esco v. City of Chicago*, 107 F.4th 673, 678-79 (7th Cir. 2024) (citing *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)).

2. While "the common law presumes a right of public access to judicial records," the court has held that the "public's right of access…is not unfettered." *Siedle v. Putnam Investments, Inc*., 147 F.3d 7, 9-10 (1st Cir. 1998). "Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 10. Further, pursuant to G.L. c. 41 § 97D, all reports of abuse perpetrated by family or household members, as defined in section 1 of chapter 209A, and all communications between police officers and victims of such offenses or abuse shall not be public reports. G.L. c. 41 § 97D.  Here, given the sensitive nature of the videos and connection to Plaintiff's ongoing criminal case outweigh the public's right of access. While the videos have been redacted to protect certain personal identifying information, further redactions would be inadequate. Further, the Parties have not yet entered into a protective order.

3. There is no compelling public interest in disclosing this information. Since the body camera footage is the only item that will be sealed, the public will not be hindered and may continue in their important role of "monitoring of the judicial system" in order to "foster[] the important values of quality, honesty and respect for our legal system." *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002).

WHEREFORE, Officer Payne respectfully requests that this Honorable Court grant this request to file exhibits under seal, impound the same until further Court order, and grant such other and further relief as it deems just and proper.

Date:  November 6, 2025

        Respectfully submitted,

        **DEFENDANT,**
        **OFFICER LUKE PAYNE**

        By his attorneys:

        ADAM CEDERBAUM
        Corporation Counsel

        */s/ Nicole E. Gemba*
        Adam D. Johnson (BBO# 679142)
        Nicole E. Gemba (BBO#707216)
        Assistant Corporation Counsel
        City of Boston Law Department
        City Hall, Room 615
        Boston, MA 02201
        (617) 635-40 (ADJ)
        (617) 635-4048 (NEG)
        adam.johnson@boston.gov
        nicole.gemba@boston.gov

## 7.1 CERTIFICATION

I, Nicole E. Gemba, certify that counsel for the parties have conferred and attempted in good faith to resolve or narrow these issues.

        */s/ Nicole E. Gemba*
        Nicole E. Gemba

**Certificate of Service**

      I, Nicole E, Gemba., hereby certify that on November 6, 2025, a true and correct copy of this document filed through the ECF system will be sent by email to counsel for the plaintiff, Lucas Newbill.

                                        _/s/ Nicole E. Gemba_
                                        Nicole E. Gemba