UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:25-cv-12696-ADB

MARWA KHUDAYNAZAR,
*Plaintiff*

v.

CITY OF BOSTON, MICHELLE WU, and LUKE PAYNE
*Defendants*

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
HER MOTION FOR RECONSIDERATION
OF THE COURT'S SEALING OF BODY CAMERA FOOTAGE

Plaintiff Marwa Khudaynazar (Plaintiff), under *Fernandez-Vargas v. Pfizer*, 522 F.3d 55, 61 n.2 (1st Cir. 2008) ("[w]hile the Federal Rules do not provide for a 'motion to reconsider,' a district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent"), hereby respectfully submits this memorandum in support of her motion requesting this Court to reconsider and reverse its Nov. 6, 2025 order; (Doc. No. 22); granting defendant Officer Luke Payne's motion to file body camera footage under seal filed earlier that same day; (Doc. No. 16). As grounds therefor, Plaintiff states the following.

FACTS

On November 6, 2025, contemporaneous with the filing of his motion to dismiss the Plaintiff's claim of retaliatory arrest against defendant Officer Luke Payne (Payne), Payne filed a motion to seal body camera footage relied on in his motion to dismiss. (Doc. No. 14,15,16.)

Before Plaintiff or a member of the public or organization representing the public could move to intervene and file an opposition, the Court granted the motion to seal. (Doc. No. 22.)

Within Officer Payne's supporting memorandum; (Doc. No. 15); to his motion to dismiss Plaintiff's claim that she was arrested because of her protected speech; (Doc. No. 14); Payne argues that this Court should consider the sealed body camera video as establishing, *contrary* to the allegations of the complaint; (Compl. ¶ 23); that Plaintiff punched Payne's partner, Officer Cris Santana, when Santana attempted to leave the apartment. (Doc. No. 15, p. 8). The video shows no such thing. (Compl. ¶ 23; Def. Payne Mem. Supp. Mot. Dismiss, Ex. B, "(Extraction_1.1)_79_Hudson_st.mp4 at 13:20-13:35").

Mayor Wu, however, has personally made statements implying that Plaintiff was guilty of assaulting an officer. See Compl. ¶¶ 30,31. Mayor Wu has publicly stated that Plaintiff's complaint contains facts that are "flat out not true," but declined to specify what is incorrect. S. Wintersmith, *'Blatant corruption': Wu weighs in on Homan bribery allegations*, GBH, Sept. 23, 2025, available at: https://www.wgbh.org/news/politics/2025-09-23/blatant-corruption-wu-weighs-in-on-homan-bribery-allegations. The police union called for a "bias-free investigation" into the "especially troubling" situation. L. Reynolds, *Boston Police Union Responds to Alleged City Hall Love Triangle Mess: 'Especially Troubling'*, Boston Herald, https://www.bostonherald.com/2025/05/16/boston-police-union-responds-to-alleged-city-hall-love-triangle-mess-especially-troubling/.

The police report was not redacted of names when filed in the criminal case. *See* Compl. ¶ 28, 31; *Commonwealth v. Khudaynazar*, No. 2501CR002494, Boston Municipal Court (Central Filed May 15, 2025). Media published this police report, which turned into a frenzy. Compl. ¶ 28.

The public is interested in knowing the truth.  *See*, *e.g.*, J. Vennochi, *'Power Protects Itself': Marwa Khudaynazar on her City Hall Downfall*, Boston Globe, October 29, 2025, available at: https://www.bostonglobe.com/2025/10/29/opinion/marwa-khudaynazar-boston-city-hall-police/.  If the criminal case goes to trial, the police body camera video will be shown in court, according to a spokesperson for Suffolk District Attorney Kevin Hayden.  *Id.*

The Plaintiff has been shunned by friends and society because the public believes that she punched a Boston Police Department officer – she desperately wants the truth to be known immediately – *she did not*.  Aff. Khudaynazar.

## ARGUMENT

### I.     It was error to seal the videos without making particularized findings to support the decision.

"When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case . . . keeping in mind that only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common-law right of access."  *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (citation omitted; quotations omitted).

"Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so. . . .  Those reasons must be specific enough to permit a reviewing court to determine whether sealing was appropriate. . . .  The district court's one sentence justification for the continued sealing [in *United States v. Kravetz*, 706 F.3d 47], intended to apply to several documents filed by different parties at different times, falls short."  *Id.*, at 60.  Here, there wasn't even one sentence.  (Doc. No. 22.)  Wherefore, the decision must be revisited and the balancing carefully weighed.  *Cf. id.*

**II.    Substantively, the public's right to know of police misconduct outweighs the unsworn-to conclusions in Payne's motion to seal, particularly where here Payne argues that Plaintiff is lying about the video, Plaintiff's reputation has been tarnished because of fodder about what happened, and the public is very interested in what actually happened.**

"Courts have long recognized that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system. *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013) (quoting *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002)). This public monitoring is assured by, among other things, a common law right of access to judicial documents. *Id.* When considering whether the common law right of access applies, the cases turn on whether the documents that are sought constitute judicial records. Such records are those materials on which a court relies in determining the litigants' substantive rights. *Id.* at 54 (quoting *In re Providence Journal*, 293 F.3d at 9-10). While there is no common law right of public access to materials that are exchanged or procured by a party in civil discovery, *id.* at 55, documents relevant to determination of the litigants' substantive rights that came to the attention of the district judge could fairly be assumed to play a role in the court's deliberations, *id.* at 58 (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987)), and are, therefore, considered judicial records. In other words, when documents are filed in connection with a substantive motion, a court cannot freely seal documents even if the court did not actually rely on those documents to rule on the motion. *See Tourangeau v. Nappi Distribs.*, No. 2:20-cv-00012-JAW, 2022 WL 768688, at *4 (D. Me. Mar. 14, 2022). Just as the public has a right to know the evidence the Court relied on in adjudicating a motion before it, the public also has a right to know what evidence the Court did not rely upon in resolving the issue. *Id.* Thus, all documents filed in connection with a motion that determines the substantive rights of the parties are subject to the presumption of public access. *Id.* at *5. To seal filings related to nondiscovery

pretrial motions . . . the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information. *Id.* (quoting *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015))." *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2024 WL 2025763, at *2 (D. Mass. May 7, 2024) (quotations omitted).

Body camera video related to police misconduct is of significant interest to the public. *Narciso v. County of San Diego*, No. 3:20-cv-00116-LL-MSB, 2022 WL 3447509, at *11 (S.D. Cal. Aug. 17, 2022) (denying motion to seal "where the body camera captured footage of police officers allegedly hurting a citizen" because videos were "of significance to the public, who has an interest in transparency of law enforcement activity and its use of force"); *Cheatum v. City of San Diego*, No. 3:18-cv-01703-BTM-AGS, 2019 WL 3817954, at *2 (S.D. Cal. Aug. 14, 2019) ("[T]he Court is concerned that such records are of significance to the public, who has an interest in the activity of law enforcement and its use of force.")

In this case, the public is very interested in what happened on the night in question. It is fundamentally unfair for the Plaintiff to have the whole world talking about how she punched a police officer and to have Payne argue that his case should be dismissed because she punched a police officer, but not allow the release of the video showing that she did *not* punch a police officer. Likewise, Payne's argument that Plaintiff's criminal matter would be prejudiced if the video were to be released falls flat because it is Payne's argument here, and the release of the police report to the media, and the media's frenzy and reporting thereon, that has thus far *prejudiced Plaintiff*. The District Attorney has acknowledged that the video will come out in trial. Payne's conclusory unfounded speculation as to potential prejudice cannot support

sealing the video. If the District Attorney wanted the video sealed, the District Attorney could have moved to seal it in the criminal matter, which the District Attorney has *not* done. See *Commonwealth v. Khudaynazar*, No. 2501CR002494, Boston Municipal Court (Central Filed May 15, 2025) (docket).

Payne's reliance on G.L c. 41, § 97D; (Doc. No. 16, ¶ 2); is too little too late. The facts have been released, and they have been released falsely, both in the police report, and by Payne here in arguing for dismissal. Section 97D states that domestic violence records are not public records in and of themselves, and that they are to be maintained in a confidential manner. Section 97D says nothing about filing under seal after false characterizations of the records have been broadcast by every news media outlet and commented on by the City mayor and the police union. Section 97D does *not* say that the police can falsely characterize domestic violence records when seeking a dismissal but then file those same records under seal.

Payne's argument that there is no compelling interest in disclosing this information; (Doc. No. 16, ¶ 3); has the balancing test backwards. Public interest in video that the court is to rely on in evaluation whether to dismiss Plaintiff's claims again the police for misconduct is apparent, especially under the current facts, and Payne has failed to factually demonstrate why the public should be kept in the dark.

        Respectfully submitted,

        */s/ Lucas Newbill*
        Lucas Newbill, BBO No. 697176
        Law Offices of Lucas Newbill
        30 Eastbrook Rd., Ste. 201
        Dedham, Massachusetts 02026
        Tel. 617-918-7567
        lucas@lucasnewbill.com

Dated: November 19, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed this day through the court's electronic case filing system (ECF) and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

        */s/ Lucas Newbill*
        Lucas Newbill, BBO No. 697176

Dated: November 19, 2025