UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARWA KHUDAYNAZAR,<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, MICHELLE WU, and<br>LUKE PAYNE,<br>　　　Defendants. | C.A. No.   1:25-cv-12696-ADB |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Boston Police Officer Luke Payne ("Officer Payne") opposes the Plaintiff's Motion for Reconsideration of this Court's November 6, 2025 order that the body-worn camera footage be filed under seal.

### Relevant Facts and Procedural History

On November 6, 2025, the Defendants each filed individual motions to dismiss in this lawsuit.[1] That same day, Officer Payne filed a separate motion to seal the body-worn camera footage of the Plaintiff's arrest.[2] The motion was granted later that same day.[3] The Plaintiff now asks this Court to reconsider its decision and deny Officer Payne's motion, effectively seeking to force Officer Payne to publicly release the video. For the reasons discussed below, this is improper, and the Plaintiff's motion for reconsideration should be denied.

---

[1] ECF Nos. 14, 17, and 19.
[2] ECF No. 16.
[3] ECF No. 22.

**Legal Standard**

"A federal district court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000); see Fed. R. Civ. P. 54(b).  Even so, "courts should be loathe to [reconsider orders] in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)).  As such, "a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates

(1) an intervening change in the law;

(2) the discovery of new evidence not previously available; or

(3) a clear error of law in the first order."

Davis, 89 F. Supp. 2d at 147.  The Plaintiff argues only the third element, that this Court's order was "a clear error of law."  It was not.

**Argument**

*The Court did not err by failing to make particularized findings in its order*

The Plaintiff cites to United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) to support her first – and erroneous – conclusion that this Court's order sealing the body-worn camera footage was insufficient.  She argues that Kravetz requires this Court to "articulate on the record their reasons for doing so [and that] those reasons must be specific enough to permit a reviewing court to determine whether sealing was appropriate."[4]

---

[4] Plaintiff's Motion for Reconsideration, ECF No. 28, at p. 3, citing United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013).

2

Yet the *very next sentence* of the Kravetz decision belies her own argument. *"Often … the court's justification for sealing may be inferred from the substance of the parties' motions."* Id. In Kravetz, the entire memorandum was "filed directly under seal without an accompanying motion setting forth the basis for sealing." Id. at 60. In the present case, *only* the body-worn camera footage was filed under seal. Officer Payne's motion to file the footage under seal, as well as the *three* separate motions to dismiss, are publicly available. The Court's grounds for granting the Motion to File Under Seal are easily "inferred from the substance of the parties' motions." Id.

### *Public interest does not outweigh victims' rights to privacy*

The Plaintiff next argues that the video footage should not be impounded because "the public is very interested in what happened on the night in question."[5] She suggests that "the party seeking to overcome the presumption of public access must demonstrate significant countervailing interests, like the existence of trade secrets in the documents or confidential business information."[6] This case deals with more important issues than "trade secrets" and "business information;" it deals with a non-party domestic violence victim's rights to privacy afforded by statute.

As Officer Payne stressed in his Motion to File under Seal, "the public's right of access…is not unfettered... Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9-10 (1st Cir. 1998). In this case, those "important countervailing interests" include statutory protections for victims of domestic violence. Specifically, M.G.L. c.41 § 97D, which requires that:

---

[5] Id., at p. 5.
[6] Id., at p. 5 (citing Tourangeau v. Nappi Distribs., 2022 WL 768688, at *4 (D. Me.) (2022)).

> [A]ll reports of abuse perpetrated by family or household members, as defined in section 1 of chapter 209A, and all communications between police officers and victims of such offenses or abuse shall not be public reports and shall be maintained by the police departments in a manner that shall assure their confidentiality.
>
> …
>
> A violation of this section shall be punished by imprisonment for not more than 1 year or by a fine of not more than $1,000, or both such fine and imprisonment.

The Plaintiff's suggestion that "Payne's reliance on [§ 97D] is too little too late"[7] is absurd. The body-worn camera footage contains § 97D-protected material, including reports and communications related to an alleged victim who is not a party to this lawsuit. The Defendants have no ability to ignore the protections afforded by § 97D.

Furthermore, the Plaintiff's suggestion that "[i]t is fundamentally unfair for the Plaintiff to have the whole world talking about how she punched a police officer … but not allow the release of the video showing that she did not punch a police officer" is disingenuous. Prior to Officer Payne's Motion to File Under Seal, the Plaintiff – through her attorney – declined to release her own copies of the video footage to the press.[8] The Plaintiff's barefaced attempt to now force Officer Payne, the Boston Police, and this Court to violate Ch. 41 § 97D, and violate a victim's rights to privacy – before the criminal case has even gone to trial – is nothing short of an attempt to inappropriately discredit the Defendants by suggesting that they are hiding evidence and making "false mischaracterizations." The Plaintiff makes these representations all the while knowing that the Defendants *cannot* and *would not* disclose the information to the public because the statute

---

[7] Id., at p. 6.
[8] See "'Power Protects Itself': Marwa Khudaynazar on her City Hall Downfall", *The Boston Globe*, October 29, 2025, https://www.bostonglobe.com/2025/10/29/opinion/marwa-khudaynazar-boston-cityhall-police/.("Khudaynazar declined to share [the video] with me. Lucas Newbill, her lawyer, told me via email, 'The videos will come out in litigation, there is no sense in kicking the hornet's nest that is the nerves of those on the videos as well as those involved in the litigation by releasing them to the press.'").

prohibits disclosure to protect victims' rights and privacy.[9]

**WHEREFORE**, for the reasons discussed above, Officer Payne respectfully requests that this Court deny the Plaintiff's Motion for Reconsideration, and for such other relief as it deems just and proper.

Date: November 28, 2025

                                                Respectfully submitted,

                                                **OFFICER LUKE PAYNE,**
                                                **DEFENDANT,**

                                                By his attorneys:
                                                ADAM CEDERBAUM
                                                Corporation Counsel

                                                */s/ Adam D. Johnson*
                                                Adam Johnson (BBO#679142)
                                                Nicole E. Gemba (BBO#707216)
                                                Assistant Corporation Counsel
                                                City of Boston Law Department
                                                City Hall, Room 615
                                                Boston, MA 02201
                                                (617) 635-4097 (ADJ)
                                                (617) 635-4048 (NEG)
                                                adam.johnson@boston.gov
                                                nicole.gemba@boston.gov

---

[9] Nothing in Officer Payne's motion, or this Court's prior order, invalidates the Boston Police Department's obligations under Rule 14 of the Massachusetts Rules of Criminal Procedure, requiring the disclosure of the video to the Suffolk County District Attorney's Office for discovery production in the ongoing criminal case.

**Certificate of Service**

  I, Adam Johnson, hereby certify that on November 28, 2025, a true and correct copy of this document was filed through the ECF system, and will be automatically sent by email to counsel for the plaintiff, Lucas Newbill.

                */s/ Adam Johnson*