UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MARWA KHUDAYNAZAR,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No.   1:25-cv-12696-ADB** |
| | ) | |
| **THE CITY OF BOSTON,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**THE CITY OF BOSTON'S ANSWER TO THE COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

The City of Boston (the "City") submits this Answer to Plaintiff Marwa Khudaynazar's

(the "Plaintiff's") Complaint:

**INTRODUCTION**

These three unnumbered paragraphs contain legal conclusions and an introductory

statement to which no response is required.  To the extent a response is required, the allegations

contained in these paragraphs are denied.

**PARTIES**

1.  The City admits that the Plaintiff was formerly an employee of the City.  The City lacks

    sufficient knowledge or information to form a belief as to the truth of the remaining

    allegations contained in Paragraph 1.

2.  Admitted.

3.  Because all claims alleged against Mayor Michelle Wu were dismissed pursuant to this

    Court's February 3, 2026 Order, no response is required to Paragraph 3.

4.  Because all claims alleged against Officer Luke were dismissed pursuant to this Court's

1

February 3, 2026 Order, no response is required to Paragraph 4.

## JURISDICTION

5.  Paragraph 5 contains a statement of jurisdiction to which no response is required.

6.  Paragraph 6 contains a statement of venue to which no response is required.

## FACTS

7.  The City admits that the Plaintiff began her employment with the City in or around May 2022, in the Office of Neighborhood Services as an executive assistant. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7.

8.  The City admits that Plaintiff was employed as the Chief of Staff for the Office of Police Accountability and Transparency ("OPAT") on or about October 7, 2024. The Plaintiff's role as Chief of Staff oversaw all operations of OPAT, including but not limited to management of staff, administration, policies, and procedures.  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that she "jumped at" the offer of employment.

9.  The final sentence of Paragraph 9 contains legal conclusions to which no response is required.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9.

10. The City admits that Mr. Carvalho's position as the Executive Director of OPAT is an appointed position. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10.

11. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. The City admits that Mr. Idowu was the Chief of Economic Opportunity and Inclusion, and that this was an appointed position, and that Mr. Huang worked in that department. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13.

14. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. The City admits that the Plaintiff called the Boston Police Department. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18.

19. The City admits that Officers Payne and Santana responded to the call.  The City lacks knowledge or information sufficient to form a belief as to when Mr. Huang returned.

20. The City admits that the Plaintiff spoke to officers, specifically Officer Santana.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

21. The City  admits that the Plaintiff asked Officer Santana to come into the apartment, and

admits that the Plaintiff told Officer Santana that she works for the Mayor.  The City

admits that the Plaintiff demanded to speak to a supervisor.  The City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 21.

22. The City denies that the Plaintiff "did not intend to use her status as a City employee to

avoid Mr. Huang's arrest."  The city lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph 22.

23. The allegations of this paragraph relate to claims that have been dismissed and have no

bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response

is required.

24. The allegations of this paragraph relate to claims that have been dismissed and have no

bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response

is required.

25. The allegations of this paragraph relate to claims that have been dismissed and have no

bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response

is required.

26. Denied.

27. The City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 27.

28. The City lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 28.

29. Paragraph 29 refers to the notice of unpaid leave attached to the Complaint as Exhibit 1, a

document which speaks for itself, and thus no response is required. The final sentence of

Paragraph 29 contains a legal conclusion, to which no response is required.

30. The allegations of this paragraph relate to claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response is required.

31. The allegations of this paragraph relate to claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response is required.  Further, Paragraph 31 contains legal conclusions that do not require a response.

32. Paragraph 32 refers to the notice of investigatory review attached to the Complaint as Exhibit 2, a document which speaks for itself, and thus no response is required.

33. The City admits that it rescheduled Plaintiff's investigatory interview to May 20, 2025 at Plaintiff's request.  The City denies the remaining allegations of this paragraph.

34. Paragraph 34 refers to a "Carney Form" attached to the Complaint as Exhibit 3, a document which speaks for itself, and thus no response is required.

35. Paragraph 35 refers to Plaintiff's signed "Carney Form," attached to the Complaint as Exhibit 4, a document which speaks for itself, and thus no response is required.  The City lacks knowledge or information sufficient to form a belief as to the reasons the Plaintiff wrote on the form.

36. The City admits that it conducted Plaintiff's investigatory interview on May 20, 2025. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36.

37. Paragraph 37 refers to Plaintiff's termination letter, attached to the Complaint as Exhibit 5, a document which speaks for itself, and thus no response is required.  Further,

Paragraph 37 contains a legal conclusion that does not require a response.

38. Paragraph 38 refers to Plaintiff's termination letter, attached to the Complaint as Exhibit 5, and is a document which speaks for itself, and thus requires no response.

39. Paragraph 39 contains legal conclusions that do not require a response.

40. Paragraph 40 refers to the termination letter attached to the Complaint as Exhibit 5, and is a document which speaks for itself. The second sentence of Paragraph 40 contains a legal conclusion that does not require a response.

41. Paragraph 41 refers to the termination letter attached to the Complaint as Exhibit 5, and is a document which speaks for itself, and thus no response is required.

42. Paragraph 42  refers to the termination letter attached to the Complaint as Exhibit 5, and is a document which speaks for itself, and thus no response is required.

43. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. Paragraph 46 refers to the report of the subject incident, filed by the Boston Police Report, which is a document that speaks for itself, and thus no response is required.

47. The City denies the allegation in the first sentence of Paragraph 47. The remaining allegation in Paragraph 47 refers to an embedded hyperlink to an article from the Boston Globe dated August 21, 2025, which is a document that speaks for itself, and thus no response is required.

48. Paragraph 48 contains a legal conclusion, which does not require a response.

49. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49.

50. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation. Thus, no response is required.

51. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation. Thus, no response is required.

56. Paragraph 56 refers to an embedded hyperlink to an article from the Boston Globe dated June 9, 2025, which is a document that speaks for itself, and thus no response is required.

57. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required.

59. Paragraph 59 refers to an embedded hyperlink to an article from the Boston Globe dated

July 2, 2025, which is a document that speaks for itself, and thus no response is required. Paragraph 59 also contains conclusions of law, to which no response is required. Furthermore, the allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response is required.

60. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response is required.

61. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation. Further, Paragraph 61 refers to a Boston Globe article dated October 20, 2023, which is a document that speaks for itself, and thus requires no response.

62. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation. Further, Paragraph 62 refers to a Turtle Boy Daily News article dated December 23, 2021, which is a document that speaks for itself, and thus no response is required.

63. Paragraph 63 refers to an embedded hyperlink to an article from the Boston Globe dated July 2, 2025, which is a document that speaks for itself, and thus no response is required.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Paragraph 68 contains unsupported arguments and conclusions of law, to which no

response is required.

69. Paragraph 69 contains inflammatory statements, unsupported arguments, and conclusions of law, to which no response is required.

70. Paragraph 70 contains inflammatory statements, unsupported arguments, and conclusions of law, to which no response is required.

71. Paragraph 71 contains inflammatory statements, unsupported arguments, and conclusions of law, to which no response is required.

72. Paragraph 69 contains inflammatory statements, unsupported arguments, and conclusions of law, to which no response is required.

73. Upon information and belief, the City admits to the allegations in Paragraph 73.


**MONELL LIABILITY**

74. Admitted.

75. Paragraph 75 refers to an embedded hyperlink to an article published by WGBH and dated May 20, 2025, which is a document that speaks for itself, and thus no response is required.

76. The allegations of this paragraph relate to parties and claims that have been dismissed and have no bearing on the sole remaining claim of First Amendment Retaliation.  Thus, no response is required.


**PUBLIC RECORDS REQUEST**

77. Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the Parties' Stipulation of Dismissal.  Therefore, no response is required.

78. Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the Parties'
Stipulation of Dismissal.  Therefore, no response is required.

79. Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the Parties'
Stipulation of Dismissal.  Therefore, no response is required.

80. Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the Parties'
Stipulation of Dismissal.  Therefore, no response is required.

**DAMAGES**

81. Denied.

**COUNT ONE**
**(AS TO PAYNE)**
**FIRST AMENDMENT RETALITORY ARREST**

82. Count One has been dismissed pursuant to the Court's Order dated February 3, 2026.
Therefore, no response is required for Paragraph 82.

83. Count One has been dismissed pursuant to the Court's Order dated February 3, 2026.
Therefore, no response is required for Paragraph 83.

**COUNT TWO**
**(AS TO THE CITY)**
**DUE PROCESS**

84. Count Two has been dismissed pursuant to the Court's Order dated February 3, 2026.
Therefore, no response is required for Paragraph 84.

85. Count Two has been dismissed pursuant to the Court's Order dated February 3, 2026.
Therefore, no response is required for Paragraph 85.

## COUNT THREE
### (AS TO THE CITY)
### FIRST AMENDMENT RETALIATORY FIRING AND UPAID SUSPENSION

86. The City restates and incorporates by reference its answers to the allegations contained in

    paragraphs 1 through 81 as if set forth fully herein.

87. Denied.

88. Denied.

## COUNT FOUR
### (AS TO THE CITY)
### EQUAL PROTECTION CLASS OF ONE

89. Count Four has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 89.

90. Count Four has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 90.

## COUNT FIVE
### (AS TO CITY AND WU)
### TORTIOUS INTERFERENCE WITH
### ADVANTAGEOUS/CONTRACTUAL RELATIONSHIP

91. Count Five has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 91.

92. Count Five has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 92.

93. Count Five has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 93.

94. Count Five has been dismissed pursuant to the Court's Order dated February 3, 2026.

    Therefore, no response is required for Paragraph 94.

**COUNT SIX**
**(AS TO WU AND CITY)**
**INVASION OF PRIVACY**

95. Count Six has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 95.

96. Count Six has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 96.

**COUNT SEVEN**
**(AS TO WU AND CITY)**
**DEFAMATION**

97. Count Seven has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 97.

98. Count Seven has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 98.

**COUNT EIGHT**
**(AS TO CITY)**
**RETALIATION FOR TAKING EARNED SICK TIME**

99. Count Eight has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 9.

100.    Count Eight has been dismissed pursuant to the Court's Order dated February 3,

2026. Therefore, no response is required for Paragraph 100.

**COUNT NINE**
**(AS TO CITY)**
**C. 151B RETALIATION FOR TAKING LEAVE BASED ON**
**DISABILITY, PERCEIVED DISABILITY, AND RECORD OF DISABILITY**

101.    Count Nine has been dismissed pursuant to the Court's Order dated February 3,

2026. Therefore, no response is required for Paragraph 101.

102.    Count Nine has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 102.

103.    Count Nine has been dismissed pursuant to the Court's Order dated February 3, 2026.

Therefore, no response is required for Paragraph 103.

**COUNT TEN**
**(AS TO CITY)**
**PUBLIC RECORDS LAW VIOLATION**

104.    Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the

Parties' Stipulation of Dismissal. Therefore, no response is required.

105.    Plaintiff's Public Records count, Count Ten, has been dismissed pursuant to the

Parties' Stipulation of Dismissal. Therefore, no response is required.

**AFFIRMATIVE DEFENSES**

Further answering, the City asserts the following affirmative defenses:

**First Affirmative Defense**

The Complaint fails to state a claim against the City upon which relief may be
granted.

**Second Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations
and/or by her failure to satisfy administrative prerequisites in a timely manner prior to filing suit
in court.

**Third Affirmative Defense**

Plaintiff has failed to mitigate her damages.

**Fourth Affirmative Defense**

Every action taken by the City and/or its employees was lawful and performed according
to, and protected by, law and/or legal process, and therefore, Plaintiff cannot recover.

13

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, equitable estoppel and/or waiver.

### Sixth Affirmative Defense

Plaintiff is barred from recovery in this action to the extent that Plaintiff has failed to demonstrate any damages, including but not limited to compensatory, medical expenses or emotional distress.

### Seventh Affirmative Defense

The actions of the City are entitled to and protected by sovereign immunity

### Eighth Affirmative Defense

If Plaintiff suffered damages, which is denied, her damages were caused by her own actions or third parties over whom this Defendant had no control and for whom this Defendant was not responsible.

### Ninth Affirmative Defense

The City, at all times, acted in good faith and upon reasonable belief that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Tenth Affirmative Defense

The Defendant's actions were based on legitimate, non-retaliatory reasons, and were wholly independent of any alleged First Amendment activity.

### Eleventh Affirmative Defense

Plaintiff has not been deprived of any rights secured by the Constitution, the laws of the United States, or the laws of the Commonwealth of Massachusetts.

### Twelfth Affirmative Defense

The City reserves the right to raise additional affirmative defenses as the factual basis for the Plaintiff's Complaint becomes known.

**WHEREFORE**, the City respectfully requests that this action be dismissed and that judgment enter in Defendant's favor together with costs, and for such other and further relief as this Court deems just and proper.


## JURY DEMAND

**THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**


Dated: 02/18/2026

                                                    Respectfully submitted,

                                                    THE CITY OF BOSTON

                                                    By its attorney,
                                                    Michael Firestone,
                                                    Corporation Counsel

                                                    */s/Adam D. Johnson*_____
                                                    Adam D. Johnson (BBO#679142)
                                                    Senior Assistant Corporation Counsel
                                                    Nicole E. Gemba (BBO#707216)
                                                    Assistant Corporation Counsel
                                                    City of Boston Law Department
                                                    City Hall, Room 615
                                                    Boston, MA 02201
                                                    (617-635-4097 (Johnson)
                                                    (617) 635-4048 (Gemba)
                                                    adam.johnson@boston.gov
                                                    nicole.gemba@boston.gov


## CERTIFICATE OF SERVICE

I certify that on February 18, 2026, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                    */s/ Adam D. Johnson*_____
                                                    Adam D. Johnson


15