The parties' proposed Protective Order [Document 43-1] (the Protective Order) is APPROVED.
However, given the lack of specificity regarding the use of protected documents during public
proceedings, the Court reserves the right to allow, after notice to the parties, the disclosure of any
document or information covered by this Protective Order or to modify this Protective Order at any
time in the interests of justice and to ensure that any proceeding before this Court is fair, efficient,
and consistent with the public interest.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MARWA KHUDAYNAZAR**, <br><br> **Plaintiff**, <br><br> **v.** <br><br> **CITY OF BOSTON**, <br><br> **Defendant.** | **Civil Action No. 1:25-cv-12696-ADB** |

## PROTECTIVE ORDER

1.      With respect to the documents produced through discovery, the party producing

("Producing Party") such documents may identify documents sent to the receiving party

("Receiving Party") as containing Confidential Information. Documents containing such

Confidential Information shall be clearly marked "CONFIDENTIAL" on each page for which

confidentiality as to some or all of the information is claimed. To the extent only certain

material on a given page is confidential, the Producing Party shall designate such portions of

documents as Confidential Information by also producing copies of such documents with

relevant redactions. Any party may challenge any other party's designation of specific

information in a document as Confidential Information upon motion to the Court. Upon a

challenge, the party claiming confidentiality has the burden of establishing confidentiality and

that disclosure would be harmful to legitimate privacy interests. Until the Court rules on such

motion, the party challenging the designation shall treat it as Confidential Information as

provided in this Protective Order.

2.      For the purposes of this case, Confidential Information shall include information that is sensitive, information generally unavailable to the public, not readily determinable from other sources, and treated as confidential by the producing party by reasons of privacy rights. Confidential Information shall include, but is not limited to: Criminal Offender Record Information ("CORI") of Plaintiff and non-parties, security-related policies and procedures of Boston Police Department ("BPD"), dates of birth, social security numbers, and addresses of BPD personnel, personnel and employment files, any and all medical records and/or medical bills, and any records relating to any financial and/or medical history. Documents that would be produced in response to a public records request shall not be designated Confidential. Nothing in this paragraph shall be read to prohibit the non-designating party from challenging the designation as confidential as provided in paragraph 1.

3.      As to the Confidential Information produced or revealed pursuant to Paragraphs 1 and 2, the parties and their attorneys may use such Confidential Information only for purposes of this litigation and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i)      The court;

(ii)     The parties to this action;

(iii)    Attorneys of record for the parties, including all co-counsel for the plaintiffs and defendants, their investigators, consultants, independent contractors, litigation-support service providers, witnesses, and employees directly assisting said attorneys of record and the parties;

(iv)     Experts for the parties;

(v)      Any neutral chosen by the parties.

4.      Each of the persons referred to in Paragraphs 3(ii) and (iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

5.      Nothing herein shall prevent a party from using or disclosing its own Confidential Information in accordance with the laws applicable to such information.

6.      The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case.

7.      Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions.  A party may designate portions of deposition testimony as confidential by stating on the record at the deposition that such information is so designated, or by providing the other parties with written notice of confidential designations following the deposition.

8.      Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial by any party.  Should a party to whom Confidential Information has been produced wish to use Confidential Information in motion practice, or otherwise provide it to the Court, that party must move the court for permission to file said Confidential Information under seal in accordance with Local Rule 7.2.  Such a motion is not necessary if the Confidential Information will be completely redacted from the relevant filing. The failure of the Court to grant a motion to file under seal shall not prevent the non-designating party from filing the confidential material, with redactions required by law.

9.     The parties and their counsel specifically agree that any claim of privilege, confidentiality, or admissibility into evidence is not waived or otherwise compromised in any way by this Protective Order.

10.     The Parties acknowledge that, despite each Party's best efforts to conduct a thorough pre-production review of documents, some Work Product Material and/or Privileged or Confidential Material (collectively, "Protected Material") may be inadvertently disclosed to the other parties during the course of the Litigation. In the event of such inadvertent disclosure, the remedial provisions of Fed. R. Evid. 502, Fed. R. Civ. P. 26(b)(5)(B), and any other relevant rules or case law shall control.

11.     Upon final termination of the above-entitled action, including any appeals, whether by verdict, settlement, dismissal, or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts, and others, including stenographers, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall, upon written request of the producing party, be destroyed within 90 days of the written request. Further, the Parties shall comply with their obligations concerning CORI material under Massachusetts General Laws Chapter 6, Section 172.

12.     This Order may be modified by further order of this Court upon application to the Court with notice.

13.    The terms of this Order shall apply to Confidential Information provided by non-parties to this action who choose to designate material confidential.

*/s/ Allison D. Burroughs*

HON. ALLISON D. BURROUGHS UNITED
STATES DISTRICT JUDGE
DISTRICT OF MASSACHUSETTS